UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 12-1047 CAS (VBKx) | | Date | March 2, 2012 |
|----------|----------------------|---|------|---------------|
| Title | JPMORGAN CHASE BANK, N.A. v. CARMEN RODRIGUEZ | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|

| CATHERINE JEANG | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers:) PLAINTIFF'S MOTION TO REMAND** (filed 2/21/2012)

**PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON ITS MOTION** (filed 2/21/2012)

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 2, 2012 is vacated, and the matter is hereby taken under submission.

On June 15, 2011, plaintiff JPMorgan Chase Bank, N.A. filed the instant unlawful detainer action in the Los Angeles County Superior Court against defendant Carmen Rodriguez. On February 7, 2012, defendant filed a notice of removal on the basis of federal question jurisdiction. Defendant argues that removal is proper because she asserts thirteen counterclaims which include violations of federal law.

On February 21, 2012, plaintiff filed a motion to remand and an ex parte application to shorten time for hearing on its motion. Dkt. Nos. 5 & 6.

The Court finds that remand is appropriate. First, defendant untimely filed the notice of removal. See 28 U.S.C. § 1446(b) (granting a defendant 30 days to remove after receipt of the first pleading that sets forth a removable claim). This action was commenced on June 15, 2011, yet was not removed until February 7, 2012, nearly eight months later. Remand is appropriate on this ground alone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                        **JS-6**

| Case No. | CV 12-1047 CAS (VBKx) | Date | March 2, 2012 |
|----------|----------------------|------|---------------|
| Title | JPMORGAN CHASE BANK, N.A. v. CARMEN RODRIGUEZ | | |

Furthermore, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. No. 1. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses. McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Plaintiff's motion is therefore GRANTED, and this case is hereby remanded to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |